**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2019 May 07 2:05 PM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. CT-2021-19

☒ Lawsuit
☐ Divorce

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| Leberal C. Turner | VS | Justin Dunning, Andrew Proffer, and BNSF Railway Company |

TO: (Name and Address of Defendant (One defendant per summons))

BNSF Railway Company
c/o CT Corporation System
300 Montvue Rd.
Knoxville, TN 37919

**Method of Service:**
☒ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☐ Private Process Server
☐ Other
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Garth Carson**, Plaintiff's attorney, whose address is **4466 Elvis Presley Blvd. #310** telephone **901-417-7166** within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____ By _____, D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

EXHIBIT 3

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20___ at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____  By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



The Shelby County, Tennessee Circuit Court

**Case Style:** LEBERAL TURNER VS JUSTIN DUNNING

**Case Number:** CT-2021-19

**Type:** SUMMONS ISSD TO MISC

*Sharon Smith, DC*

Electronically signed on 05/07/2019 02:35:18 PM

5/10 @ 1:25

| (CIRCUIT/CHANCERY) COURT OF TENNESSEE | ELECTRONICALLY FILED |
| --- | --- |
| 140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103 | 2019 May 07 9:27 AM |
| FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS | CLERK OF COURT |

## SUMMONS IN CIVIL ACTION

☒ Lawsuit
☐ Divorce

Docket No. CT-2021-19

Ad Damnum $ _____

**Plaintiff(s)**
Leberal C. Turner

VS

**Defendant(s)**
Justin Dunning, Andrew Proffer, and BNSF Railway Company

FILED
MAY 14 2019
CIRCUIT COURT CLERK
BY _____ D.C.

TO: (Name and Address of Defendant (One defendant per summons))

Justin Dunning
5282 E. Shelby Drive
Memphis, TN 38118

Method of Service:
☐ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☒ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Garth Carson  Plaintiff's attorney, whose address is 4466 Elvis Presley Blvd. #310 telephone 901-417-7166 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____  By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master   By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __10th__ day of __May__, 20__19__ at __1:25__ __P__ M. a copy of the summons and a copy of the Complaint to the following Defendant __Justin Demary de A. Areys__

at __5082 E. Shelby, Memphis TN 38118__

Signature of person accepting service

By: _[signature]_
Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**Case Style:** LEBERAL TURNER VS JUSTIN DUNNING

**Case Number:** CT-2021-19

**Type:** SUMMONS ISSD TO MISC

Ms Sheri C Carter, DC

Electronically signed on 05/07/2019 11:53:53 AM

5/10 @ 1:25

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2019 May 07 9:27 AM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. CT- 2021 -19

☒ Lawsuit
☐ Divorce

Ad Damnum $ _____

**Plaintiff(s):** Leberal C. Turner

**vs**

**Defendant(s):** Justin Dunning, Andrew Proffer, and BNSF Railway Company

FILED MAY 15 2019 CIRCUIT COURT CLERK

TO: (Name and Address of Defendant (One defendant per summons))

Andrew Proffer
5282 E. Shelby Drive
Memphis, TN 38118

**Method of Service:**
☐ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☒ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Garth Carson Plaintiff's attorney, whose address is 4466 Elvis Presley Blvd. #310 telephone 901-417-7166 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____ By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __10th__ day of __May__, 20__19__ at __1:25 P__ M. a copy of the summons and a copy of the Complaint to the following Defendant __Andrew Proffer c/o A. Araya__ at __5282 E. Shelby Memphis TN 38118__

_____   By: _____
Signature of person accepting service            Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
   Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:** LEBERAL TURNER VS JUSTIN DUNNING

**Case Number:** CT-2021-19

**Type:** SUMMONS ISSD TO MISC

Ms Sheri C Carter, DC

Electronically signed on 05/07/2019 11:53:53 AM

# IN THE CIRCUIT COURT OF TENNESSEE
# FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**LEBERAL C. TURNER**

    **Plaintiff,**

vs.

**JUSTIN DUNNING, ANDREW PROFFER,
And BNSF RAILWAY COMPANY**

    **Defendants.**

Docket No. CT-2021-19

Division ____

**JURY DEMANDED**

## COMPLAINT

COMES NOW Plaintiff Leberal C. Turner, by and through counsel, hereby files this Complaint against Defendants Justin Dunning, Andrew Proffer, and BNSF Railway Company for personal injuries and damages, as follows:

### PARTIES

1. Plaintiff Leberal C. Turner is an adult resident of Shelby County, Tennessee.

2. Upon information and belief, Plaintiff alleges that Defendant Justin Dunning stated to responding officers his physical address is 5282 East Shelby Drive, Memphis, Tennessee, 38118-7191 in Shelby County, Tennessee.

3. Upon information and belief, Plaintiff alleges that Defendant Andrew Proffer stated to responding officers his physical address is 5282 East Shelby Drive, Memphis, Tennessee, 38118-7191 in Shelby County, Tennessee.

4. Upon information and belief, Plaintiff alleges that Defendant BNSF Railway Company is a Delaware Corporation authorized to conduct business in Tennessee, with the principal office located at 2650 Lou Menk Dr., Fort Worth, TX 76131-2830,

1

and may be served with process through its registered agent, CT Corporation System at 300 Montvue Road, Knoxville, TN 37919-5546.

## JURISDICTION AND VENUE

5. This cause of action arises out of a motor vehicle collision with a railway train in Shelby County, Tennessee, thus venue is proper in this county.

6. This cause of action is not preempted by federal law pursuant to 49 U.S.C.A. § 20106.

7. This Court has *in personam* jurisdiction over the Defendants because the acts and omissions giving rise to this action were committed in whole or in part in the State of Tennessee against residents of the State of Tennessee.

8. This Court has subject matter jurisdiction over this matter pursuant to Tenn. Code Ann. § 16-10-101.

9. The incident that forms the basis of this suit occurred on December 12, 2018, thus this suit is timely filed.

## STATEMENT OF FACTS

10. Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

11. Upon information and belief, Plaintiff alleges that at all times material hereto Defendant Justin Dunning was an authorized engineer of a BNSF Train which was involved in the collision with Plaintiff on December 12, 2018.

12. Upon information and belief, Plaintiff alleges that at all times material hereto Defendant Andrew Proffer was an authorized conductor of a of a BNSF Train which was involved in the collision with Plaintiff on December 12, 2018.

13. Upon information and belief, Plaintiff alleges that at all times material hereto Defendant BNSF was the owner/operator of the BNSF Train which was involved in the collision with Plaintiff on December 12, 2018.

14. Upon information and belief, Plaintiff alleges that at all times described herein, on or about December 12, 2018, Defendants Justin Dunning and Andrew Proffer were operating the above-referenced BNSF Train as the agents, servants, or employees of Defendant BNSF. Thus, Plaintiff relies upon the doctrines of respondeat superior and agency, alleging that any negligence on the part of Defendants Justin Dunning and Andrew Proffer should be imputed to Defendant BNSF Railway Company.

15. On or about December 12, 2018, Plaintiff was the passenger in the front seat of a 2011 Toyota Camry travelling southbound on Pendelton Street, near Frisco Avenue. As the Plaintiff was travelling southbound on Pendelton, she began to approach a railroad crossing.

16. At all times pertinent hereto, Plaintiff's vehicle was travelling in a safe, cautious, and prudent manner, obeying all of the rules and regulations of the roadway.

17. At said time and at said location, Defendants Justin Dunning and Andrew Proffer were operating a BNSF Train owned by Defendant BNSF Railway Company, and were travelling eastbound on the railroad tracks crossing Pendelton Street, near Frisco Avenue.

18. Defendant BNSF Railway Company failed to properly maintain the railroad crossing, causing the crossing bars to malfunction and not drop down to adequately warn Plaintiff that a train was oncoming.

19. Immediately before the collision, Defendants Justin Dunning and Andrew Proffer, failed to follow Federal railway safety guidelines when approaching a railroad crossing while operating the BNSF Train involved in the subject collision.

20. Defendants Justin Dunning and Andrew Proffer, negligently failed to use reasonable caution while operating the BNSF Train involved in the subject collision by failing to keep a safe lookout, failing to see what was there to be seen, and failing to adhere to proper safety precautions prior to the subject collision.

21. Defendant BNSF Railway Company negligently failed to keep the railroad crossing guardrail in a safe operating condition.

22. Plaintiff did not have sufficient time or space to avoid the collision and, as a direct and proximate result of the hereinafter described negligent acts of Defendants, sustained personal injuries and other damages to be more particularly described hereinafter.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE

23. Plaintiff charges and alleges that Defendants Justin Dunning and Andrew Proffer, are guilty of the following acts and/or omissions of negligence, which were a direct and proximate cause of Plaintiff's injuries and resulting damages and which acts of negligence should be imputed to Defendant BNSF Railway Company, to wit:

    (a) In negligently failing to use that degree of care and caution in the operation of a commercial train as was required Federal standard of care established by a regulation or order issued by the Secretary of Transportation or the Secretary of Homeland Security;

    (b) In negligently failing to maintain a safe lookout;

    (c) In negligently failing to devote full time and attention to the operation of the commercial train;

4

(d)   Failing to see what was there to be seen;

(f)   Operating said commercial train in a reckless manner;

(g)   Failing to Federal safety guidelines regarding the operation of a commercial train;

(h)   Other acts and/or omissions to be shown at the trial of this cause.

## COUNT II - NEGLIGENCE *PER SE*

24.   Plaintiff charges and alleges that Defendants BNSF Railway Company, Justin Dunning and Andrew Proffer, were in violation of the following statutes and regulations, which were in full force and effect at the time and place of the collision, constituting negligence per se, to wit:

**49 C.F.R § 234.223   Gate Arm**

> Each gate arm, when in the downward position, shall extend across each lane of approaching highway traffic and shall be maintained in a condition sufficient to be clearly viewed by approaching highway users. Each gate arm shall start its downward motion not less than three seconds after flashing lights begin to operate and shall assume the horizontal position at least five seconds before the arrival of any normal train movemeber though the crossing. At those crossings, equipped with four quadrant gates, the timing requirements of this section apply to entrance gates only.

**49 C.F.R. § 234.205 Operating characteristics of warning system apparatus**

> Operating characters of electromagnetic, electronic, or electrical apparatus of each highway-rail crossing warning system shall be maintained in accordance with the limits within which the system is designated to operate.

**49 C.F.R. §234.227   Train detection apparatus**

> (a) Train detection apparatus shall be maintained to detect a train or railcar in any part of a train detection circuit, in accordance with the design of the warning system.
> (b) If the presence of sand, rust, dirt, grease, or other foreign matter is known to prevent effective shunting, a railroad shall take appropriate action under § 234.105, "Activation failure," to safeguard highway users..

**49 C.F.R § 222.21   When must a locomotive horn be used**

5

(a) Except as provided in this part, the locomotive horn on the lead locomotive of a train, lite locomotive consist, individual locomotive or lead cab car shall be sounded when such locomotive or lead cab car is approaching a public highway-rail grade crossing. Sounding of the locomotive horn with two long blasts, one short blast and one long blast shall be initiated at a location so as to be in accordance with paragraph (b) of this section and shall be repeated or prolonged until the locomotive occupies the crossing. This pattern may be varied as necessary where crossings are spaced closely together.

(b)

(1) Railroads to which this part applies shall comply with all the requirements contained in this paragraph (b) beginning on December 15, 2006. On and after June 24, 2005, but prior to December 15, 2006, a railroad shall, at its option, comply with this section or shall sound the locomotive horn in the manner required by State law, or in the absence of State law, in the manner required by railroad operating rules in effect immediately prior to June 24, 2005.

(2) Except as provided in paragraphs (b)(3) and (d) of this section, or when the locomotive horn is defective and the locomotive is being moved for repair consistent with section 229.9 of this chapter, the locomotive horn shall begin to be sounded at least 15 seconds, but no more than 20 seconds, before the locomotive enters the crossing. It shall not constitute a violation of this section if, acting in good faith, a locomotive engineer begins sounding the locomotive horn not more than 25 seconds before the locomotive enters the crossing, if the locomotive engineer is unable to precisely estimate the time of arrival of the train at the crossing for whatever reason.

(3) Trains, locomotive consists and individual locomotives traveling at speeds in excess of 60 mph shall not begin sounding the horn more than one-quarter mile (1,320 feet) in advance of the nearest public highway-rail grade crossing, even if the advance warning provided by the locomotive horn will be less than 15 seconds in duration.

(c) As stated in § 222.3(c) of this part, this section does not apply to any Chicago Region highway-rail grade crossing at which railroads were excused from sounding the locomotive horn by the Illinois Commerce Commission, and where railroads did not sound the horn, as of December 18, 2003.

(d) Trains, locomotive consists and individual locomotives that have stopped in close proximity to a public highway-rail grade crossing may approach the crossing and sound the locomotive horn for less than 15 seconds before the locomotive enters the highway-rail grade crossing, if the locomotive engineer is able to determine that the public highway-rail grade crossing is not obstructed and either:

(1) The public highway-rail grade crossing is equipped with automatic flashing lights and gates and the gates are fully lowered; or

(2) There are no conflicting highway movements approaching the public highway-rail grade crossing.

6

(e) Where State law requires the sounding of a locomotive audible warning device other than the locomotive horn at public highway-rail grade crossings, that locomotive audible warning device shall be sounded in accordance with paragraphs (b) and (d) of this section.

## NEGLIGENT HIRING, SUPERVISION, AND TRAINING

25. Plaintiff alleges, upon information and belief, that Defendant BNSF Railway Company, knew, or in the exercise of due diligence and reasonable inquiry, should have known of Justin Dunning and Andrew Proffer propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner. Plaintiff alleges that BNSF negligently entrusted the train in question to Justin Dunning and Andrew Proffer.

26. Plaintiff alleges that Defendant BNSF Railway Company, is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiffs' injuries and resulting damages, to wit:

    (a)    Negligent training of Defendants Justin Dunning and Andrew Proffer;
    (b)    Negligent supervision of Defendants Justin Dunning and Andrew Proffer;
    (c)    Negligent hiring of Defendants Justin Dunning and Andrew Proffer;
    (d)    Other acts and/or omissions to be shown at the trial of this cause.

## INJURIES AND DAMAGES

27. Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

28. As a direct and proximate result of the above-described breaches and violations of the common law, by Defendants, Plaintiff Leberal Turner has suffered injuries and damages, including but not limited to:

    (a)    serious and painful physical injuries,

    (b)    past, present, and future physical and emotional pain and suffering;

    (c)    past, present, and future mental anguish and emotional distress;

    (d)    past, present, and future lost wages;

(e) past, present, future medical expenses;

(f) temporary and permanent impairment and disability;

(g) has incurred reasonable and necessary medical expenses and will incur further expenses in the future;

(h) certain other reasonable and necessary healthcare expenses, prescription expenses, certain transportation expenses to and from healthcare providers, and other out-of-pocket expenses, the nature and amount of which yet to be determined;

(i) loss of quality and enjoyment of the normal pleasures of life, past, present, and future;

(j) loss of future earning capacity;

(k) inconvenience; and

(l) other damages to be proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests the following relief:

29. For a judgment against the Defendant for damages, to be determined by the jury, in an amount of $5,000,000 to compensate the Plaintiff for all injuries and damages.

30. For all general and special damages caused by the herein alleged conduct of Defendant;

31. For a jury trial;

32. Pre-judgment and Post-judgment interest; and

33. For all other relief to which the Plaintiff may be entitled under Tennessee law.

34. Plaintiff respectfully prays for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief as the Court and jury deem just.

Respectfully submitted,

REAVES LAW FIRM, PLLC

_____
Eric J. Lewellyn, (TN# 25524)
Garth J. Carson (TN# 37111)
Brittany E. Neal (TN# 36140)
*Attorneys for Plaintiff*
4466 Elvis Presley Blvd., Suite 310
Memphis, Tennessee 38116
P: 901-417-7166
F: 901-567-8731
eric.lewellyn@beyourvoice.com
garth.carson@beyourvoice.com
brittany.neal@beyourvoice.com